IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2020-MKST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2020-MKST, THE RR INTEREST OWNER AND THE FUTURE ADVANCE LENDER, | : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br><br><br><br>No.: 2:23-cv-00146-NIQA |
| *Plaintiff*, | : : | |
| v. | : : | |
| NG 1500 MARKET ST. LLC, | : : | |
| *Defendant.* | : | |

**RESPONSE OF DEFENDANT TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF A RECEIVER**

Plaintiff Wells Fargo Bank, National Association, as Trustee, for the Benefit of Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2020-MKST Commercial Mortgage Pass-Through Certificates, Series 2020-MKST, the RR Interest Owner and the Future Advance Lender filed this commercial mortgage foreclosure action to foreclose on a mortgage on the office building and personal property at 1500 Market Street in Philadelphia (the "Property"). Defendant NG 1500 Market St. LLC ("Borrower") is the owner of the Property.

Presently before the Court is Plaintiff's Motion for Appointment of a Receiver. After due consideration, and provided that Borrower's Independent Directors consent to the same, (a) Borrower is willing to consent to the appointment of a receiver and (b) is agreeable to

the receiver identified by Plaintiff (CBRE). [1] However, Borrower believes that some provisions of the proposed Order submitted by Plaintiff are overbroad, unduly burdensome, ambiguous or contrary to law.

By way of example, and not limitation, paragraph 1(l) of Plaintiff's proposed Order would require Borrower to turn over all of its funds to the receiver, irrespective of whether those funds were generated from the Property, paragraph 6(h), if read literally, would require that Borrower turn over attorney-client communications to the receiver, paragraph 11 does not provide for the Receiver to have responsibility for preparing and filing Philadelphia use and occupancy tax returns (which taxes are the obligations of the tenants in the first instance), paragraph 12(d) would prohibit Borrower from terminating contracts of service providers even if they are not retained by the receiver, and paragraph 13 does not require the Receiver to pay over to the City of Philadelphia any Philadelphia use and occupancy tax payments remitted by tenants to the Receiver.

Subject to receiving the required Independent Director consent as referenced above, Borrower is hopeful that it will be able to reach agreement with Plaintiff on a form of Order appointing the receiver. Accordingly, Borrower requests that the Court defer ruling on Plaintiff's motion for three (3) weeks to allow the parties time to attempt to negotiate a stipulated form of Order and the orderly transition of the Property. In the event that the parties do not reach agreement on the form of Order, Borrower will submit an alternative form of Order to the Court, highlighting the specific areas of disagreement.

---

[1] As required by Plaintiff's predecessor in interest, as a condition to making the loan at issue in this matter, there are two independent directors of Borrower (the "Independent Directors") whose consent is required before Borrower can consent to the appointment of a receiver. Borrower has reached out to the Independent Directors for consent and is awaiting their decision. Borrower does not believe that they will have an objection.

        Respectfully submitted,

        COZEN O'CONNOR

        By:    */s/ Robert V. Dell'Osa*
                Robert V. Dell'Osa (44281)
                Erica Pulford (330878)
                1650 Market Street, Suite 2800
                Philadelphia, PA 19103
                rdellosa@cozen.com
                epulford@cozen.com
                (215) 665-2745

                *Attorneys for Defendant NG 1500 Market St. LLC*

Dated: February 17, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2023, I served a true and correct copy of the foregoing Response of Defendant to Plaintiff's Motion for Appointment of a Receiver upon the following via email:

Max L. Lieberman, Esquire
Marla Sones, Esquire
MAX L. LIEBERMAN & ASSOCIATES, P.C.
591 Skippack Pike, Suite 400
Blue Bell, PA  19422-2160

Aaron C. Jackson, Esquire
Kelsey E. Hodgdon, Esquire
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO  64112

*Attorneys for Plaintiff*

                                                           /s/ Robert V. Dell'Osa
                                                           Robert V. Dell'Osa