IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF REGISTERED HOLDERS OF J.P.
MORGAN CHASE COMMERCIAL MORTGAGE
SECURITIES TRUST 2020-MKST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2020-MKST, THE RR INTEREST OWNER
AND THE FUTURE ADVANCE LENDER,

)
)
)
)
)
)
)
)
)
)

Case No.: 2:23-cv-00146-NIQA

*Plaintiff*,

vs

NG 1500 MARKET ST. LLC,

*Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RECEIVER'S SECOND STATUS REPORT REGARDING SALE**

CBRE, Inc. in its role as court-appointed receiver (the "**Receiver**") respectfully submits

this Second Status Report Regarding Sale with respect to the real and personal property located

at 1500 Market Street in Philadelphia (the "**Property**").

**STATUS REPORT**

1.      There are no longer any competing offers for the Court to consider on the

Property.  Therefore, the Receiver respectfully requests that the Court approve the sale of the

Property to Centre Square East Upper, LLC, Centre Square East Lower, LLC, Centre Square

West Upper, LLC, Centre Square West Lower, LLC, and Centre Square Base, LLC, each

Pennsylvania limited liability companies, as tenants-in-common (collectively, the "**Centre

Square**").

2.      In its Status Report and Motion for Entry of an Agreed Scheduling Order which the Receiver filed with the Court on May 19, 2026 at ECF 89 ("**Receiver's First Status Report**"), the Receiver provided the Court with an updated status of the sale process through that date.

3.      As described in the Receiver's First Status Report, the Receiver is under contract to sell the Property to Centre Square ("**Centre Square Agreement**").

4.      After entering into the Centre Square Agreement, as required under 28 U.S. Code § 2001(b), the Receiver published notice of the sale of the Property and solicited additional purchase offers of $77 million or higher.

5.      On May 11, 2026, CSC 1500 Market Prop Co, LLC ("**CSC**") submitted to the Receiver a purchase offer of $80 million for the Property.

6.      However, after continued discussions with CSC, CSC failed to make the same $5 million deposit as Centre Square did.  For this and other reasons, on July 3, 2026, the Receiver terminated further discussions with CSC.   Therefore, CSC is no longer a competing bidder for the Property.

7.      The Centre Square Agreement is subject to Court approval.  At ECF 92, the Receiver filed a motion for the Court to approve the sale to Center Square ("**Sale Approval Motion**").     No party has opposed the Sale Motion, and the Plaintiff has consented to the relief sought in the Sale Motion.

8.      The Receiver respectfully requests a hearing on the Sale Motion as soon as possible.  Under the Centre Square Agreement, there is a deadline of **<u>October 16, 2026</u>** for the Receiver to close on the sale to Centre Square.  In addition, the sale cannot take place until the Court issues a final non-appealable order approving the sale.  This means a 30-day appeal period

must run after the sale approval order is entered before there can be a closing.  It follows that there must be a sale approval order entered no later than **September 15, 2026** for the Receiver to close the sale transaction.   The Receiver is running out of time to complete the closing.

9. On May 12, 2026, non-party Universal Group Company, Inc. ("**Universal**") filed a motion to intervene and a motion to enjoin the sale from moving forward ("**Universal Motion**") [ECF 82]. The Universal Motion is fully briefed and ripe for review.

10. Universal had previously submitted purchase offers on the Property which were lower than the offers provided by Centre Square.  For that and other reasons, the Receiver did not accept any of Universal's purchase offers.

11. Furthermore, Universal declined to take advantage of the opportunity under 28 U.S. Code § 2001(b) for Universal to submit a competing bid of $77 million or higher. Therefore, Universal is not a competing bidder for the Property.

12. The Receiver respectfully requests that the Universal Motion be scheduled on the same hearing date as the Sale Motion so that the Court can consider all open sale issues in one hearing.

13. On July 13, 2026, Centre Square notified the Plaintiff and the Receiver that Centre Square terminated the Centre Square Agreement.  However, there is no legal or factual basis for Centre Square to terminate the agreement.  Therefore, the Court should approve the sale to Centre Square.  If Centre Square fails to close on the sale, Centre Square will forfeit its deposit to the Receiver for the benefit of the receivership estate.

Respectfully submitted,

Dated: July 14, 2026                                       **BUCHANAN INGERSOLL & ROONEY PC**

                                                          */s/ Christopher P. Schueller*
                                                          Christopher P. Schueller (PA ID 92746)
                                                          Mark Pfeiffer (PA ID 76245)
                                                          Two Liberty Place
                                                          50 S. 16th Street, Ste. 3200
                                                          Philadelphia, PA 19102
                                                          Tel:  (215 665-8700
                                                          Fax:  (215) 665-8760
                                                          *Attorneys for the Receiver*

-4-