# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2020-MKST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2020-MKST, THE RR INTEREST OWNER AND THE FUTURE ADVANCE LENDER,** *Plaintiff,* | : | **CIVIL ACTION** <br> **NO. 23-146** |
| **v.** | : | |
| **NG 1500 MARKET ST. LLC,** *Defendant.* | : | |

## O R D E R

**AND NOW**, this 17th day of August 2026, upon consideration of the Court-appointed Receiver CBRE Inc.'s, ("Receiver" or "CBRE"), *motion for order approving the private sale of the Receivership Property and granting related relief,* (ECF 92), it is hereby **ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, CBRE's motion is **GRANTED**, as follows:

a. The sale of the Property at the Sale Price and under the terms of the PSA is commercially reasonable, represents the fair market value of the Property, constitutes reasonable equivalent value for the Property, and is in the best interests of the receivership estate, and is therefore approved.

b. The sale of the Property was conducted in a commercially reasonable manner and in compliance with applicable federal laws and orders of this Court.

c. The sale of the Property at the Sale Price is approved on the terms set forth in the PSA, free and clear of all liens, claims, encumbrances, interests, or leasehold interests, and of all rights of redemption. Furthermore, neither the Property nor Buyer with respect to this transaction shall be subject to taxes or assessments due as a result of the Pennsylvania Bulk Sale Laws (43 P.S. §788.3; 69 P.S. §529, 72 P.S. §7240; 72 P.S. §7321.1).

d. The Appraisers retained by the Receiver are qualified and disinterested within the meaning of 28 U.S.C. § 2001(b).

e. Appropriate notice of the sale of the Property and notice of the hearing on the Motion was given to Borrower and all necessary parties, including all parties having an identified recorded, unrecorded, or inchoate interest in the Property, by service of a copy of the Motion and publishing and posting the Sale Notice.

f. All parties had a full and fair opportunity to analyze and object to the sale of the Property, by service of a copy of the Motion and the deadlines set for objections in the Sale Notice.

g. The Court is authorized to approve the sale of the Property pursuant to the PSA under 28 U.S.C. § 2001(b).

h. The marketing and sale procedures used by the Receiver as set forth in the Motion, Memorandum, and the Receiver Affidavit, satisfy the private sale and notice requirements of 28 U.S.C. § 2001(b).

i. The Receiver is hereby authorized to execute the PSA and consummate the transaction contemplated thereunder.

j. The Receiver is hereby authorized to execute and deliver such other documents as necessary to complete the sale of the Property pursuant to the PSA, including a Receiver's deed, a bill of sale, and all other assignment and conveyance documents, pursuant to which the Receiver is authorized to exercise all rights and powers of Borrower to convey the Property, but subject to all terms, provisions, and limitations set forth in the PSA, and without any personal warranty of the Receiver other than the warranty of authority given pursuant to this Order.

k. Upon the closing of the sale of the Property pursuant to the PSA, the Receiver shall deliver possession and control of the Property to Buyer, disburse the net sales proceeds to Lender (subject to applicable prorations and closing costs), and wind-up the receivership estate.

l. Buyer, Receiver, Lender, any title insurance company issuing title insurance in connection with the sale, and any other party in interest shall be entitled to rely upon the terms and provisions of this Order. Notwithstanding any subsequent dismissal of this case, closing of this case, or discharge of the Receiver, this Order shall remain in full force and effect and shall in no manner be deemed vacated or set aside. This Order not only approves the sale, but serves as confirmation of the sale, and no further proceedings are or shall be necessary for the sale to be approved and confirmed in all respects.

m. The lien of Lender herein, which is a first-priority lien upon the Property, is and shall be a first-priority lien upon the proceeds of the sale, and the proceeds of the sale shall be paid directly to Lender at closing.

n. All other liens, claims, encumbrances, interests, leasehold interests, and redemption rights that may be asserted against the Property or against the Receiver are subordinate and inferior to the lien of Lender, and such liens, claims, encumbrances, interests, leasehold interests, and redemption rights, shall be extinguished by the sale, and no party shall hereafter assert any claim of any type against the Receiver, Buyer, Lender, or the Property on account of any claim that existed or may have existed against Borrower or the Property. Nothing herein shall in any manner affect any claims that any party may have against Borrower and/or any defenses Borrower may have with respect to such claims. Notwithstanding the foregoing, the sale approved herein shall not constitute an extinguishment of the leasehold interests of tenants affecting the Property which shall be assigned to the Buyer (in its sole discretion) at the closing along with all associated security deposits (whether in the form of cash or letter(s) of credit).

o. The sale contemplated by the PSA is a sale of assets and neither Buyer, by virtue of its acquisition of the Property, nor Lender, by virtue of its receipt of the proceeds from the sale, shall have any successor or vicarious liabilities of any kind or nature with respect to any alleged liability of Borrower and/or Receiver.

p. Except as expressly provided in this Order or in the PSA, all persons and entities holding claims against or interests in Borrower or the Property are hereby forever barred, estopped, and permanently enjoined from asserting any such claims or interests against Receiver, Buyer, Lender, or the Property.

q. Lender's lien on any collateral that is not included in the sale, if any, shall continue unaffected by the sale. The sale shall in no manner affect the validity or enforceability of the remaining indebtedness owed to Lender after the sale.

r. Borrower is hereby ordered to cooperate with the Receiver with respect to all matters that may be required to complete the sale of the Property as set forth herein, including the production of any surveys, inspections, or other documents as may be reasonably requested by the Receiver.

s. The Receiver may file a copy of this Order in the real property records of Philadelphia, Pennsylvania, if the Receiver deems appropriate or if such filing is necessary or advisable for the purposes of conveying marketable, insurable title to the Property.

t. Notwithstanding the occurrence of the closing under the PSA, the receivership shall continue thereafter for the limited purposes of completing: (i) all post-closing obligations set forth in the PSA, and (ii) the filing of the final receivership report and the entry of an order closing this case. Such limited post-closing purposes shall not affect Receiver's continuing authority to pursue and to obtain new and/or replacement letters of credit in the name of the Buyer (and including those letters of credit that may have expired and/or those that were issued in the name of Borrower) which Receiver agrees it shall pursue in good faith until the earlier to occur of (a) the receipt and delivery of such new and/or replacement letters of credit, and (b) 180 days after the closing. Any counterparty to a letter of credit (including any tenant) is authorized to instruct and consent to the issuance of a new or replacement letter of credit the beneficiary of which shall be Buyer and such new or replacement letter of credit shall be deemed to have satisfied the tenant's continuing obligation to post the same under its respective lease.

u. The Court shall retain jurisdiction to enforce, interpret, and implement the terms of this Order and the PSA and any and all documents executed in connection with this Order or in connection with the sale contemplated hereunder.

v. This Order constitutes a final order within the meaning of Federal Rule of Civil Procedure 54(b), and the Court expressly finds that there is no just reason for delay in the entry of this Order and that this Order is final immediately for purposes of appeal.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO, J.**
*Judge, United States District Court*